IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN LEWIS BISHOP, II, <br> #17913-027, <br><br> Plaintiff, <br><br> vs. <br><br> USP MARION <br> WARDEN SPROUL, <br> USP MARION STAFF, <br> US BOP, and <br> ANGEL HERNANDEZ, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-cv-00879-JPG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the Complaint filed by Plaintiff Marvin Bishop, II, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion). (Doc. 1). In his Complaint, Plaintiff claims that on April 7, 20201, he was attacked by another inmate who also threatened to stomp "S.O." (sex offender) onto his body. (*Id*. at 5). Plaintiff is a sex offender and asserts that the defendants cannot protect him from attacks by other inmates. (*Id*. at 6). He seeks money damages, release to a halfway house, and/or relinquishment of his citizenship.[1] (*Id*. at 7). Plaintiff brings unspecified claims against the defendants pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

---

[1] Plaintiff cannot obtain release from custody or relinquish his citizenship in an action brought pursuant to the FTCA or *Bivens*. However, he can pursue a request for money damages.

1

The Complaint is now before the Court for review 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations, the Court designates the following two (2) counts in the *pro se* Complaint:

**Count 1:** Defendants are liable to Plaintiff under the FTCA for their failure to protect him from an inmate assault at USP-Marion on April 7, 2021.

**Count 2:** Defendants failed to protect Plaintiff from an inmate assault at USP-Marion on April 7, 2021, in violation of his rights under the Eighth Amendment and pursuant to *Bivens*.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Count 1

The Federal Tort Claims Act (FTCA) provides jurisdiction for suits against the United States for torts committed by federal officers. 28 U.S.C. § 1346(b)(1). However, the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). Plaintiff does not list the United States as a defendant.

He names the Federal Bureau of Prisons and BOP officials instead. The Federal Bureau of Prisons is not the same entity as the United States. "Government agencies do not merge into a monolith; the United States is an altogether different party." *Hughes*, 701 F.2d at 58. Absent

"explicit authorization to the contrary," a federal agency cannot be sued directly under the FTCA, regardless of that agency's authority to sue or be sued. *See* 28 U.S.C.A. § 2679; *Russ v. United States*, 62 F.3d 201, 203 n. 1 (7th Cir. 1995). And, this Court will not substitute the United States in place of the BOP or any BOP official. Plaintiff must add the United States as a defendant, if he intends to proceed with an FTCA claim.

He must also explain what act or omission by a federal official gives rise to his claim against the United States under the FTCA. Plaintiff has offered no indication of whether, when, or how any federal agents were involved in the inmate assault that occurred at USP-Marion on April 7, 2021. It is unclear whether anyone even knew about the risk of assault before it actually occurred. Without more, this claim cannot proceed, and Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 2**

*Bivens* provides a limited damages remedy against individual federal agents for certain violations of a plaintiff's federally protected rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, individual federal agents cannot be liable in a *Bivens* suit "'unless they themselves acted' unconstitutionally." *Woods v. Moss*, 572 U.S. 744, 763 (2014) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."). This is because "liability under a *Bivens*-like remedy is personal." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). In the Complaint, Plaintiff has failed to explain who was responsible for protecting him from attack and how they failed to do so. Without any allegations describing each individual's misconduct, the Court cannot properly analyze this claim against any one person. Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim.

**Interim Relief**

Plaintiff fears future attack by a fellow inmate but offers no indication that one has been threatened or is imminent. He describes no conditions of confinement that make him more susceptible to attack, beyond his status as a sex offender, and he offers no additional information suggesting that he lacks a safe housing arrangement or support from prison staff at this time. If he requires interim relief and is unable to obtain it from prison staff, Plaintiff may file a motion for temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 in this case.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1), including **COUNTS 1** and **2**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **October 1, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He

4

should also list this case number on the first page (*i.e.*, Case No. 21-cv-00879-JPG).  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 9/2/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**