IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN LEWIS BISHOP, II, #17913-027, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-cv-00879-JPG ) |
| USP MARION WARDEN SPROUL, USP MARION STAFF, US BOP, and ANGEL HERNANDEZ, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On August 2, 2021, Plaintiff Marvin Bishop, II, filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff claims that he was attacked by another inmate at the United States Penitentiary in Marion, Illinois (USP-Marion), and the defendants did not (and could not) protect him. (Doc. 1). He requested money damages, release to a halfway house, or relinquishment of his United States citizenship. (*Id.* at 7).

The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it on September 3, 2021. (Doc. 8). However, Plaintiff was granted leave to file an Amended Complaint. The deadline for doing so was October 1, 2021. Plaintiff was explicitly warned that failure to file an amended complaint by that deadline would result in dismissal of the action with prejudice and a "strike." (*Id.*) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

1

Plaintiff did not file a First Amended Complaint by the deadline. Almost two weeks have passed since the deadline expired, and he also did not seek an extension of time for amending. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 8) to file a First Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b). This dismissal counts as a "strike" under Section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 8) to file a First Amended Complaint and/or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the underlying Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/12/2021**               s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **United States District Judge**